UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| WILLIAM ALLEN MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-262-JMS-DKL |
| | ) | |
| H.J. MARBERRY, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion to Amend Complaint and Discussing Motion to Dismiss and Alternative Motion for Summary Judgment**

**I.**

The plaintiff's motion for leave to file an amended complaint and the defendants' objection thereto have been considered. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that in circumstances such as those present in this case, the plaintiff may amend his complaint only with the opposing party's written consent or the court's leave and that the "court should freely give leave when justice so requires." Allowing the amended complaint to proceed is in the interest of justice as it sets forth the plaintiff's claims more clearly. The amended complaint will not create undue delay nor will it prejudice the defendants as no new claims or defendants are added. Accordingly, the motion to amend [62] is **granted. The amended complaint filed on January 15, 2013, is the operative complaint** and is considered timely filed.

The amended complaint clarifies that Adam Rogers was not an intended defendant in this action. The **clerk is directed** to terminate Adam Rogers as a defendant on the docket.

**II.**

The defendants filed a motion to dismiss and alternative motion for summary judgment. This motion asserts that 1) certain claims are barred by the statute of limitations, 2) the defendants are entitled to the affirmative defense that the plaintiff failed to exhaust his available administrative remedies as to certain claims

prior to filing this action, and 3) the defendants are entitled to judgment in their favor on the merits because the plaintiff cannot show that any defendant acted with deliberate indifference. For the reasons explained in this Entry, the defendants' motion to dismiss and alternative motion for summary judgment [43] is **denied in part.**

*Motion to Dismiss*

The defendant's Rule 12(b)(6) motion to dismiss any claims relating to matters occurring prior to September 8, 2011, on the basis that they are barred by the statute of limitations is **denied**. The amended complaint is only required to plead enough to show that the claim for relief is plausible. Complaints need not anticipate defenses such as statute of limitations and attempt to defeat them. *Richards v. Mitcheff,* 696 F.3d 635, 637-638 (7th Cir. 2012) (citing *Gomez v. Toledo*, 446 U.S. 635 (1980) and Fed. R. Civ. P. 8(c)(1)). When the Court takes into consideration Indiana's constitution, which requires the judiciary to toll time limits for incapacitated persons, the amended complaint states a claim upon which relief may be granted. *Richards*, 696 F.3d at 637 (citing Indiana Const. Art. I, § 12; *Herron v. Anigbo*, 897 N.E.2d 444, 451, 453 (Ind. 2008); *Fort Wayne v. Cameron*, 267 Ind. 329, 370 N.E.2d 338, 341 (1977)). Because the amended complaint is sufficient to state a claim upon which relief may be granted, the motion to dismiss is **denied.** This denial does not preclude the defendants from pursuing their statute of limitations defense through the filing of a motion for summary judgment.

*Motion for Summary Judgment*

The defendants seek summary judgment on their affirmative defense that the plaintiff failed to exhaust his available administrative remedies as to certain claims prior to filing this action. This issue must be resolved first. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999)("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit."). The **defendants shall have fourteen (14) days** from the date this Entry is docketed in which to supplement (if necessary) their briefing on the exhaustion issue given the filing of the amended complaint. The plaintiff shall have **twenty-eight (28) days** from service of any supplemental briefing to respond to the defendants' motion for summary judgment on the exhaustion defense. If no supplement is filed, the plaintiff shall file his response **not later than April 1, 2013**. The defendants shall then have **fourteen (14) days** in which to file a reply.

The defendants' assertion that they are entitled to judgment in their favor on the merits is **denied without prejudice as premature**. The Seventh Circuit has held that "the court must not proceed to render a substantive decision until it has first considered" the issue of exhaustion under the Prison Litigation Reform Act, 42

U.S.C. § 1997e(a). *Perez,* 182 F.3d at 536. "The statute gives prisons and their officials a valuable entitlement—the right not to face a decision on the merits—which courts must respect if a defendant chooses to invoke it." *Id.* Here Defendants seek to have it both ways: invoke failure to exhaust and pursue merits relief.  The Court finds such dueling strategies unworkable.  In this case, the invocation of a failure to exhaust defense resulted in the November 13, 2012, Entry which stayed discovery except as to the issue of exhaustion and statute of limitations. To require the plaintiff to respond (at this time) to the motion for summary judgment attacking the merits of his claims is inconsistent with this court's orders, the Prison Litigation Reform Act and the spirit of Rule 56(d) of the Federal Rule of Civil Procedure.

The affirmative defense of failure to exhaust remains viable, and is the sole outstanding issue in the pending motion, [dkt. 43.]  Defendant may, but need not, file a responsive pleading to the amended complaint until the exhaustion issue is resolved.

**IT IS SO ORDERED.**

Date: 02/27/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

WILLIAM ALLEN MILLER
77436-012
ALLENWOOD U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
WHITE DEER, PA 17887

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
Email: jeff.hunter@usdoj.gov