UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM ALLEN MILLER,  )  <br>    *Plaintiff*,  )  <br>  )  <br>    *vs.*  )  <br>  )  <br>H. J. MARBERRY, *et al.*,  )  <br>    *Defendants.*  )  | 2:11-cv-262-JMS-DKL |

## ORDER

Presently pending before the Court are Plaintiff William Allen Miller's Motion for Leave to Amend Amended Complaint, [dkt. 79], and his Motion for Order Requesting Settlement Conference, [dkt. 80]. For the following reasons, the Court **DENIES** Mr. Miller's Motion for Leave to Amend and **GRANTS IN PART** his motion concerning settlement.

This case has already undergone considerable motions practice. Many claims in Mr. Miller's Amended Complaint were resolved against him on August 22, 2013, when the Court granted the Defendants' Motion to Dismiss and Alternative Motion for Summary Judgment. [Dkt. 76.] After full briefing by the parties, the Court concluded that Mr. Miller had failed to exhaust his administrative remedies and that the Defendants were entitled to summary judgment on all claims asserted by Mr. Miller in his Amended Complaint that do not reasonably arise from events Mr. Miller detailed in Request for Administrative Remedy 610075 ("Request 610075"). The Court noted that Mr. Miller had not put forth any evidence indicating that he pursued his administrative remedies for any events other than those detailed in Request 610075 and concluded that he may only pursue the claims that reasonably arise from the events detailed in that request. [*Id.* at 7.] Mr. Miller relied on this request in his response to the motion and did not ar-

gue or suggest there was some other basis to excuse his non-compliance with the exhaustion requirement for any other claims contained in his Amended Complaint. [Dkt. 70.]

As noted in the Court's entry, Request 610075 reads:

> On 1/6/09 I was put in SHU for investigation. I am a disabled man with a brain tumor, and had previous neck surgery and was on a prescribed narcotic (percoset). I had several medical needs, namely a cane, special shoes, lwr. bunk etc. When I was put in the SHU by C/O Nichols I wasn't given these items. On 2/14/09 I fell out of bed breaking my back, forcing me to have surgery. I fell from an upper bunk, which staff was deliberately indifferent to me getting a lower bunk as well as my other special items (see above). My cell mate refused to let me have a lower bunk. I request a complete investigation to this 8th amendment violation (deliberate indifference) to my rights. Administrative remedy is delayed due to no knowledge until now of constitutional violation.

Claims related to this request were deemed viable, and as a result of this Court's entry, all other claims were dismissed without prejudice. In its entry the Court also allowed Mr. Miller an opportunity to seek to amend his complaint. The Court noted, however, that its permission to seek an amendment "should not be read as any indication that a motion to amend would be granted without Mr. Miller making the requisite legal showing. Additionally, Mr. Miller is admonished that he must not include in any Second Amended Complaint any claim which is dismissed in this Entry, or which has heretofore been dismissed as legally insufficient." [Dkt. 76 at 8.]

Federal Rule of Civil Procedure 15(a)(2) provides that the Court should freely give leave for a party to amend its pleading when justice so requires. But the Court may deny a plaintiff leave to amend if "there is undue delay, bad faith[,] or dilatory motive . . . [, or] undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Park v. City of Chi.*, 297 F.3d 606, 612 (7th Cir. 2002) (citation omitted).

Justice doesn't require leave in this case, for several reasons.

- First, most of the claims Mr. Miller seeks to add are those that were dismissed earlier because Mr. Miller failed to exhaust his administrative remedies. As such, the proposed complaint violates the Court's earlier order.

- Second, his motion does not provide any proof that any additional administrative remedies were exhausted, making the request futile. Instead, the motion contains lengthy arguments that compliance with the exhaustion requirement should be excused. But any such argument should have been raised in response to the Defendants' motion for summary judgment in the first instance. It was not, and the argument is therefore waived. "Failure to respond to an argument--as [Mr. Miller] ha[s] done here--results in waiver." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). Mr. Miller had a full and fair opportunity to present his arguments against the Defendants' failure to exhaust argument. His current attempt to do so comes too late. Moreover, Courts often find unduly prejudicial motions to amend pleadings juxtaposed with a summary judgment motion, on the grounds that it is unfair to require the other party to litigate against changing legal theories. *See Cowen v. Bank United of Texas FSB*, 1995 U.S. Dist. LEXIS 1087, 1995 WL 38978, *9 (N.D. Ill. 1995). The Court so finds here.

- Third, Mr. Miller's attempt to add the United States and other defendants as parties to this Bivens action two years into the litigation is both an undue delay and a likely violation of the rule on joinder. In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Seventh Circuit Court of Appeals explained that unrelated claims against different defendants belong in different suits. Rule 20 of the Federal Rules of Civil Procedure allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. The proposed additional claims do not meet this standard.

Accordingly, Mr. Miller's Motion to Amend, [dkt. 79], is **DENIED.**

With respect to Mr. Miller's Motion Requesting a Settlement Conference, [dkt. 80], the motion is **GRANTED IN PART,** to the extent that the Court requests that the magistrate judge conduct a status conference with the parties at his earliest convenience, at which the topic of resolution of the case by settlement, motion or trial, and a schedule for achieving the same, shall be addressed.

01/07/2014

*(signature)*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

WILLIAM ALLEN MILLER
77436-012
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

**Distribution via ECF only:**

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov